UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| ROBERT HOLLAND,<br><br>  PLAINTIFF,<br><br>v.<br><br>SANTANDER CONSUMER USA INC.<br>AND TOWING COMPANY (UNKNOWN),<br><br>  DEFENDANTS. | CASE NO. 2:23-CV-00045-PPS-JEM |

## **DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS**
## **RULE 12(b)(6) MOTION TO DISMISS**

Defendant, Santander Consumer USA Inc. ("Santander"), for its Memorandum in support of its Rule 12(b)(6) Motion to Dismiss the Notice of Claim [DN 5] filed by Plaintiff, Robert Holland, states as follows:

### Introduction

Plaintiff's Notice of Claim consists of a list of titles of purported causes of action with no factual support. As a result, the Notice of Claim is subject to dismissal because it does not satisfy federal pleading standards or afford Chrysler Capital fair notice of Plaintiff's claims.

### Legal Standard

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim is to test the sufficiency of the pleading. *See Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). "[R]ecitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S.

662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). Rather, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). A complaint is facially plausible if a court can reasonably infer from factual content in the pleading that the defendant is liable for the alleged wrongdoing. *Id.* (citing *Twombly*, 550 U.S. at 570).[1]

The Seventh Circuit has synthesized the standard into three requirements. *See Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). "First, a plaintiff must provide notice to defendants of her claims. Second, courts must accept a plaintiff's factual allegations as true, but some factual allegations will be so sketchy or implausible that they fail to provide sufficient notice to defendants of the plaintiff's claim. Third, in considering the plaintiff's factual allegations, courts should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id.*

The Court construes pro se filings liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), but even pro se litigants must follow these rules of civil procedure, *see Cady v. Sheahan*, 467 F.3d 1057, 1061 (7th Cir. 2006). Where a pro se litigant instead provides no facts from which it can be inferred that the defendant violated the law, the complaint should be dismissed. *See, e.g., Sullivan v. Allen Sup. Court Misdemeanor and Traffic Div.*, No. 1:15-cv-51-TLS, 2015 WL 846413, *2 (N.D. Ind.

---

[1] The Seventh Circuit and its federal district courts apply federal law when considering Rule 12(b)(6) motions in removed actions. *E.g., Stuhlmacher v. Home Depot U.S.A., Inc.*, No. 2:10 CV 467, 2011 WL 1792853, at *2 (N.D. Ind. May 11, 2011) (compiling cases).

Feb. 26, 2015) (dismissing pro se plaintiff's employment discrimination complaint for failure to identify her race or the statutorily protected activity that would support a retaliation claim); *Fisher v. Rossi*, No. 4:22-CV-61-JVB-JEM, 2022 WL 17414985, *3 (N.D. Ind. Dec. 5, 2022) (dismissing pro se defamation claim because no description of the alleged misinformation was provided); *Dorsey v. Williams*, No. 21-1858, 2022 WL 337192, *1 (7th Cir. Feb. 4, 2022) (affirming dismissal of pro se complaint containing no supporting facts).

**Argument**

Plaintiff's Notice of Claim is merely a recitation of legal buzzwords and titles of purported causes of action he allegedly has against Chrysler Capital. The statement is excerpted below for the Court's reference and states as follows: "Bad Faith Breach of Car Contract, Predatory Lending, FDCPA violations, taking of property in wrongful towing of vehicle and violation of Indiana Notice Deficiency Statute and 26-2-10 *et seq*." Other legal terms are also scattered on the page, including "FDCPA," "FCRA," "FCBA," "theft," and negligence.



This claim does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *See, e.g.*, *Twombly*, 550 U.S. at 570. Rather, it contains no facts at all. Even under the most liberal construction, Plaintiff's Notice of Claim fails to afford Chrysler Capital fair notice of the claims

3

against it. As a result, Plaintiff's complaint should be dismissed pursuant to Rule 12(b)(6).

## Conclusion

Defendant, Santander Consumer USA Inc., respectfully requests that this Court grant its Motion to Dismiss and enter an order dismissing Plaintiff's Complaint and for such other and further relief as the Court deems just and proper under the circumstances.

Dated: February 9, 2023

*Chelsea R. Stanley*
Chelsea R. Stanley
Supreme Court No. 32770-22
STITES & HARBISON PLLC
323 East Court Avenue
Jeffersonville, IN  47130
Telephone:   (812) 282-7566
Email:  cstanley@stites.com

COUNSEL FOR DEFENDANT
SANTANDER CONSUMER USA INC.

<u>CERTIFICATE OF SERVICE</u>

   I hereby certify that on February 9, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and I hereby certify that I have mailed by United States First Class Mail, postage prepaid, the document to the following non CM/ECF participants:

  Robert Holland, *pro se*
  5620 Sohl Avenue, Apt. 108
  Hammond, IN  46320

               *Chelsea R. Stanley*
               Chelsea R. Stanley