-FILED-
MAR 21 2023
Chanda J. Berta, Acting Clerk
U.S. DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF INDIANA

HAMMOND DIVISION

| | |
|---|---|
| Robert Holland, | ) |
| Plaintiff, | ) |
| | ) |
| Vs. | ) CASE NO.: 2:23-CV-00045-PPS-JEM |
| | ) |
| CEO AND PRESIDENT MAHESH ADITYA, | ) |
| SANTANDER CONSUMER USA, INC., & | ) |
| TOWING COMPANY ("UNKNOWN"). | ) |
| DEFENDANTS. | ) |

### VERIFIED
### MOTION FOR DEFAULT JUDGMENT PURSUANT TO
### FRCP 81(c)(2)(C) and 55(b)(1) and (2)

I. INTRODUCTION

The Plaintiff, Robert Holland, files his Verified Motion for Default Judgment pursuant to FRCP 81(c)(2)(C) and 55(b)(1) By the Clerk and (2) By Court. In support of this Verified Motion for Default Judgment the Plaintiff states the following:

II. ANALYSIS

1. On January 5, 2023, Plaintiff filed this Notice of Claim sufficiently alleging FDCPA, FCRA, FCBA (TILA) and other causes of action. On January 17, 2023, Santander received notice of the Notice of Claim. Notice to the principal (Santander CEO AND PRESIDENT MAHESH ADITYA)(Santander) is notice to the agent (Towing company ("Unknown")). [See DN 1][See DN 16 Pg.(s) 1 of 3 Par. 1].

2. Santander filed a Notice of Removal to this Court on February 6, 2023. [See DN 1.][See DN 16 Pg.(s) 1 of 3 Par. 1].

1

3. On February 9, 2023, Santander filed a Motion to Dismiss Plaintiff's Complaint along with accompanying briefs. [See DN 7-8][See DN 16 Pg.(s) 1 of 3 Par. 2]. In support of its Motion to Dismiss, Santander (aka Chrysler Capital, LLC) submitted its accompanying Memorandum of Law [DN8] alleging that Holland's "Notice of Claim is subject to dismissal because 1) it does not satisfy federal pleading standards meaning pursuant to FRCP 12(B)(1) or 2) afford Chrysler Capital fair notice of Plaintiff's claims meaning FRCP 12(B)(6). [DN8 Pg.(s) 1].

4. On March 9, 2023, Plaintiff filed his Objection to the Motion to Dismiss and (his) Motion to Strike. [See DN 14] [See DN 16 Pg.(s) 1 of 3 Par. 3]. The Santander Defendant's Motion to Dismiss is immaterial, irrelevant, frivolous and interposed for the purpose of delay. It is not a valid response to the Notice of claim (the complaint). It should be stricken from the record. [See Collier vs. SP Plus Corp., 889 F.3d 894 (7th Cir. 2018) (per curiam) May 14, 2018), the Seventh Circuit firmly rejected one argument as a "dubious strategy," holding that state court defendants cannot remove a case to federal court and then move to dismiss for lack of standing under *Spokeo*].

5. In the Plaintiff Robert Holland's Objection to the Motion to Dismiss and Motion to Strike Holland attaches proof of service of the Notice of Claim (the complaint) on February 28, 2023, to Santander CEO AND PRESIDENT MAHESH ADITYA, Santander Consumer USA, Inc. and Towing Company ("Unknown"). [See DN 14][See DN 16 Pg.(s) 1 of 3 Par. 3].

6. The Plaintiff Robert Holland asserts that the Defendants, Santander CEO AND PRESIDENT MAHESH ADITYA, and Towing Company ("Unknown"), have defaulted pursuant to FRCP 55(b) and 81(c)(2)(C). [See attached affidavit with estimated car prices].

**Rule 81. Applicability of the Rules in General; Removed Actions.....**

**(c) REMOVED ACTIONS.**

(1) *Applicability.* These rules apply to a civil action after it is removed from a state court.

(2) *Further Pleading.* After removal, repleading is unnecessary unless the court orders it. A defendant who did not answer before removal must answer or present other defenses or objections under these rules within the longest of these periods:

(A) 21 days after receiving—through service or otherwise—a copy of the initial pleading stating the claim for relief;

(B) 21 days after being served with the summons for an initial pleading on file at the time of service; or

(C) 7 days after the notice of removal is filed.....

7. Furthermore, a default judgment sum certain must be entered by the Clerk of the Court when it is for a sum certain. [See FRCP 55(b)(1)]. In addition, a default judgment sum certain may be by the Court when it is for a sum certain. [See FRCP 55(b)(2)].

[Where the amount of damages sought is a sum certain, or where an adequate record has been made via affidavits and documentary evidence to show statutory damages, no evidentiary hearing is required. See, e.g., Chudasama, 123 F.3d at 1364 n. 27 (judicial determination of damages is unnecessary where claim is for sum certain or for sum which can by computation be made certain); Ortiz-Gonzalez v. Fonovisa, 277 F.3d 59, 63-64 (1st Cir. 2002)].
Where the amount of damages sought is a sum certain, or where an adequate record has been made via affidavits and documentary evidence to show statutory damages, no evidentiary hearing is required. See, e.g., Chudasama, 123 F.3d at 1364 n. 27.

### CONCLUSION

The Defendants CEO Mahesh Aditya, Santander Consumer USA, Inc. and Towing Company ("Unknown") have failed to answer or file their defense motions within the time periods specified by Fed. R. Civ. P. 55(b) and 81(c).

### REQUEST FOR RELIEF

3

WHEREFORE, Plaintiff Robert Holland respectfully requests that the Clerk and/or the Court enter an Order of Judgment for the Plaintiff in a Sum Certain in the instant case pursuant to FRCP 55(b) and 81(c), 2) assess monetary sanctions for the Defendants' dilatory and deceptive tactics (See Spokeo decision), 3) enter an Order of Judgment for the Plaintiff in a Sum Certain in the Case 2:13-CV-491 Robert Holland vs. TD Auto Finance LLC, Successor in interest to Chrysler Financial LLC (same Defendant as in this case) and Bull Dog Towing Company and CEO of Bull Dog Towing pursuant to FRCP 55(b) and 81(c) and all other just and proper relief in the premises.

I certify pursuant to the penalties for perjury that the foregoing responses are true and correct.

Further Affiant sayeth not.

_Robert Holland_     03/16/23

**Robert Holland**                **Date**