UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| ROBERT HOLLAND, | ) |
|     Plaintiff, | ) ) ) |
|     v. | )   Cause No. 2:23-CV-045-PPS-JEM ) |
| SANTANDER CONSUMER USA, INC., *et al.*, | ) ) ) |
|     Defendants. | ) ) |

## **OPINION AND ORDER**

Plaintiff Robert Holland, who is proceeding *pro se*, filed this action in state court, asserting an array of legal claims against Defendant Santander Consumer USA, Inc. and an unnamed towing company. [DE 5.] The case arises from the repossession of Holland's vehicle pursuant to the terms of the agreement he entered to finance its purchase. Santander removed the case to federal court based on federal question jurisdiction, noting Holland's state court pleading asserted violations of the Fair Debt Collection Practices Act ("FDCPA"), Fair Credit Reporting Act ("FCRA") and Fair Credit Billing Act ("FCBA"), in addition to claims styled as breach of contract, predatory lending, theft, and "wrongful towing." [DE 1.]

Presently before me is a Rule 12(b)(6) motion to dismiss [DE 7], filed by Santander, and a motion for default judgment filed by Mr. Holland [DE 22]. Holland's motion for default judgment is without basis in law and will be denied. And the complaint will be dismissed because it fails to provide a short and plain statement of the

facts that form the basis for Holland's asserted claims for relief, as required by Rule 8(a) of the Federal Rules of Civil Procedure.

Initially, I will address Holland's motion for default judgment. Holland appears to seek default judgment against the unnamed towing company and Santander's CEO, who has not been named as a defendant in this lawsuit. Rule 81(c) provides that following removal, a defendant who did not answer before removal must answer or present other defenses or objections within the longest of: (1) twenty-one days after receiving—through service or otherwise—a copy of the initial pleading stating the claim for relief; (2) twenty-one days after being served with the summons for an initial pleading on file at the time of service; or (3) seven days after the notice of removal is filed. Fed. R. Civ. P. 81(c). Rule 55 requires a litigant seeking default judgment to take two steps – first, obtain an entry of default pursuant to Rule 55(a), then, obtain default judgment under Rule 55(b). In this case, Holland has not moved for entry of default under Rule 55(a), so his request for default judgment is premature and fails for that reason alone.

I'll add that Santander timely filed a pleading responsive to Holland's complaint following removal of the case, so there is no basis for entry of default or a default judgment against the company. *See* Fed. R. Civ. P. 81(c). The same goes for any individuals not named as defendants in the action. *Fuqua v. Brennan*, 645 F. App'x 519, 523 (7th Cir. 2016) (citing Fed. R. Civ. P. 55(b)(1)). *Accord Culver v. United States*, 2019 WL 6402957, at *2 (M.D. Pa. Nov. 27, 2019) ("Because Lackawanna Valley Dermatology

2

Associates was not named as a defendant, service of the summons and complaint on it was a nullity, and the plaintiff is not entitled to entry of default or default judgment against a non-party.") (collecting cases). The state court record (No. 45D12-2301-SC-000081) and the record in this case indicate Holland never named Santander's CEO as a defendant, and the company's CEO has not been served with notice. The state court record further reflects that service was never issued as to the unnamed towing company named in the complaint. Service has not been obtained as to any defendant other than Santander. In sum, there is no basis for Holland to seek default judgment against any defendant in this case and the motion [DE 22] will be denied.

Moving on to the motion to dismiss, under Federal Rule of Civil Procedure 8(a), Holland's complaint is required to contain "a short and plain statement showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a). Federal Rule of Civil Procedure 12(b)(6) permits a party to move for dismissal if the complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). At this stage, I accept the complaint's allegations as true and draw all reasonable inferences in Holland's favor. *Bradley Hotel Corp. v. Aspen Specialty Ins. Co.*, 19 F.4th 1002, 1006 (7th Cir. 2021). However, to avoid dismissal under Rule 12(b)(6), a claim for relief must be "plausible on its face." *Proft v. Raoul*, 944 F.3d 686, 690 (7th Cir. 2019) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Facial plausibility requires a plaintiff to plead sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the

3

misconduct alleged." *Taha v. Int'l Brotherhood of Teamsters, Local 781*, 947 F.3d 464, 469 (7th Cir. 2020) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Seventh Circuit has explained that a plaintiff must plead facts that "suggest a right to relief that is beyond the speculative level," which requires alleging "enough details about the subject-matter of the case to present a story that holds together." *Sevugan v. Direct Energy Servs., LLC*, 931 F.3d 610, 614 (7th Cir. 2019); *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010). "[S]heer speculation, bald assertions, and unsupported conclusory statements" in the complaint fail to meet this burden. *Taha*, 947 F.3d at 469.

I am aware of the Supreme Court's admonition that a document "filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and internal citations omitted). But while courts must give liberal construction to a *pro se* plaintiff's complaint, "it is also well established that pro se litigants are not excused from compliance with procedural rules." *Pearle Vision, Inc. v. Romm*, 541 F.3d 751, 758 (7th Cir. 2008).

The facts are straightforward (and spare). Holland's state court pleading is on a form entitled "Notice of Claim." A "brief statement" of the claims follows, but it is merely a recitation of the legal authorities under which Holland is attempting to assert claims. The form attaches what appears to be mail sent from Santander to Mr. Holland regarding an outstanding balance owing on the finance agreement for his car, but this does not provide enough factual detail to tell a coherent story about what the defendants

4

did to harm Holland in violation of his legal rights. In short, there are no facts alleged that support a claim under the cited legal authorities, so the complaint does not contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. It will therefore be dismissed. However, the dismissal will be without prejudice, and Holland will be granted thirty days in which to file an amended pleading properly alleging the facts that support each of his claims for relief.

**ACCORDINGLY:**

For the reasons explained in this opinion and order, Plaintiff Robert Holland's Motion for Default Judgment [DE 22] is **DENIED**, and his related motion for a ruling on the motion [DE 33] is **DENIED AS MOOT**. Defendant Santander Consumer USA, Inc.'s Motion to Dismiss pursuant to Rule 12(b)(6) [DE 7] is **GRANTED**. The complaint is **DISMISSED WITHOUT PREJUDICE**. Holland is **GRANTED** thirty days, to **October 2**, in which to file an amended complaint addressing the deficiencies discussed in this order.

**SO ORDERED**.

ENTERED: September 1, 2023.

 /s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT